**RAINEY v. CITY OF TYLER.**

No. 6357.

Court of Civil Appeals of Texas. Texarkana.

April 15, 1948.

Rehearing Denied May 20, 1948.

Pollard, Lawrence, Blackburn, Reeves & Jarrel, of Tyler, for appellant.

Smith & Smith, of Tyler, for appellee.

HARVEY, Justice.

Joe Rainey sued the City of Tyler in the District Court of Smith County, Texas, on May 7, 1947, to recover $9,020.07 paid to the City by him under an ordinance of the City which levied a 2% gross receipts tax on fares collected by him in the operation of his taxicab business. Rainey took the position that the ordinance in question was invalid, and that therefore the fees paid by him as required by the ordinance should be returned. The City, while asserting the validity of the ordinance under which the taxes were assessed against the business of operating taxicabs, pleaded limitation to the cause of action of Rainey as to any sums paid by him two years before May 7, 1945, and also pleaded that the taxes paid to the City by Rainey were voluntarily paid and, as a consequence, the City of Tyler was not obligated to return such payments made by him. The case was tried to the court without a jury, and from a judgment in favor of the City of Tyler, which denied Rainey the relief sought by him, he has perfected an appeal to this court.

In 1932, the City Commission of the City of Tyler adopted an ordinance regulating the operation of automobiles for hire on the streets of the city, which ordinance among other things provided for the licensing of such automobiles without payment of any fee therefore. Joe Rainey, and others, engaged in the operation of taxicabs pursuant to the regulations of the ordinance in question; the permits required by the ordinance were issued to them on the taxicabs that they operated, and they complied with other provisions of the ordinance. Rainey was operating his taxicab business in the City of Tyler prior to June 4, 1943, in compliance with the city ordinance of 1932. At some time in May or June, 1943, Rainey appeared before the City Commission of the City of Tyler and offered to pay 2% of the gross receipts from the operation of his taxicab business if the City would grant him a franchise to operate tax-

icabs. At that time he presented to the City a draft of a proposed ordinance, which was prepared by his own attorney, which provided for the payment to the City of 2% of the gross receipts derived from the operation of taxicabs within the city limits; this franchise ordinance did not grant him an exclusive right to engage in such business. The ordinance in addition provided that a failure to pay the gross receipts tax by taxicab operators would forfeit their permits to operate their cabs. The City Commission, pursuant to Rainey's proposal, passed the franchise ordinance which he presented to them and he was granted additional permits covering other cabs. He was operating approximately fifteen cabs at the time of the passage of the ordinance, which number he later increased to twenty-five. He paid the gross receipts tax each month as it became due, with the exception of a few delinquent payments, and he was never threatened with any suit or penalty if he did not pay the tax, or by reason of payments that became overdue. At no time did Rainey protest the payment of the gross receipts tax.

In regard to the point presented by Rainey that the ordinance levying the tax in question was invalid by reason of its being in conflict with Article 6698, R.C. S. of Texas, Vernon's Ann.Civ.St. art. 6698, which pre-empts to the State of Texas the right to levy motor vehicle license taxes, a case involving the same question of law, L. F. Boone v. City of Tyler, Tex.Civ.App., 211 S.W.2d 761, this day has been disposed of by this court (in the opinion written by Justice Williams). Therein it was held under authority of the case of LeRoy Crow v. City of Corpus Christi, 209 S.W.2d 922, 923, a decision by the Supreme Court of Texas delivered on March 24, 1948, which was based upon previous holdings of that court, that an ordinance of the type under consideration herein was invalid and unconstitutional in so far as the levy and collection of tax or license fees are concerned. Consequently, with respect to that phase of the case appellant's point relating to the invalidity of the Tyler city ordinance is sustained.

In the case of L. F. Boone v. City of Tyler, supra, it was held that Boone was entitled to recover from City the sums of money paid by him, that were not barred by limitation, by reason of the fact that he made the payments under implied duress. The facts in that case reflected that after the enactment of the gross receipts tax ordinance, Boone bought a taxicab business; that he made the payments required by such ordinance under implied duress, and that as a consequence he was entitled to a return of the tax paid under the invalid ordinance. In the case of Crow v. City of Corpus Christi, supra, the case was tried upon an agreed statement of facts in which, among other things, it was agreed that the "taxes and charges were paid without any protest or notice of protest [by Crow] to the city, but would not have been paid except for the penal provisions contained in the ordinances; and that such amounts as were paid under the franchise ordinances were similarly paid but would not have been paid except for the clauses providing for a cancellation for nonpayment." This significant statement is made in the opinion above referred to:

"Since there appears to be no holding involving parallel facts and no exact rule as to what constitutes sufficient duress or compulsion to make the payment of an illegal tax an involuntary payment, the question is one to be determined from the particular circumstances under which the payments are made."

It follows, therefore, that in cases where there is competent evidence of such a nature developed as might be a basis for causing reasonable minds to differ as to whether or not the payments in question were made under compulsion or duress, an issue of fact is presented to be determined by the jury, or by the court that tries the case. In the case under consideration herein, the trial judge presumptively found that the tax payments were voluntarily made by Rainey, who had the ordinance in question prepared and presented to the City Commission of Tyler, and accordingly rendered judgment that they could not

be recovered. In the case of Crow v. City of Corpus Christi, as well as in the Boone v. City of Tyler case, supra, it is to be noted that the holdings were predicated on the fact that the payments were made under duress or compulsion. In the first of the above cases, the agreed statement of facts upon which the case was submitted contained a specific stipulation to the effect that the taxes would not have been paid except for the penal provisions contained in the ordinances. While contrary opinions are found in other jurisdictions, in Texas there can be no question but that the principle laid down in the case of Crow v. City of Corpus Christi to the effect that taxes paid to a municipal corporation, required to be paid under an invalid ordinance, under circumstances which are tantamount to compulsion or duress, are recoverable by a payor in a suit for that purpose. On the other hand, it is quite generally held, if not universally, that one who pays an illegal tax voluntarily, which is to say, without compulsion or duress, cannot enforce a claim for its recovery. Union Central Life Ins. Co. v. Mann, 138 Tex. 242, 158 S.W.2d 477; Union Pac. Railroad Co. v. Dodge County Commissioners, 98 U.S. 541, 25 L.Ed. 196; State v. Perlsstein, Tex.Civ.App., 79 S.W.2d 143; City of Houston v. Feizer, 76 Tex. 365, 13 S.W. 266; Austin National Bank of Austin v. Sheppard, 123 Tex. 272, 71 S.W.2d 242. In the case of Houston v. Feizer, supra [76 Tex. 365, 13 S.W. 267], the court quoted the following from Cooley on Taxation:

"The rule of law is a rule of sound public policy also. It is a rule of quiet as well as of good faith, and precludes the courts being occupied in undoing the arrangements of parties which they have voluntarily made, and into which they have not been drawn by fraud or accident, or by any excusable ignorance of their legal rights and liabilities."

In the instant case the issue was drawn as to whether Rainey paid the taxes under duress. The record is before this court without findings of fact by the trial judge, and indulging every presumption in favor of the judgment entered by him, there is ample evidence to sustain the implied finding that the payments by Rainey to the City of Tyler were voluntarily made. On the trial, Rainey, while admitting the other facts hereinabove enumerated in regard to his appearing before the City Commission of Tyler, stated that his willingness to pay the 2% gross profits tax was based upon his obtaining an exclusive franchise. However, there was very substantial evidence to the effect that no mention was made of an exclusive franchise, but that Rainey's proposal was that he be granted a franchise and that he would pay 2% of his gross receipts to the city. The ordinance as prepared by his attorney and presented by Rainey to the City Commission did not make any reference to an exclusive franchise; in fact, the granting of such a franchise would have been beyond the authority of the City to grant. We are of the opinion that the facts of this case are distinguishable from those in the case of Crow v. City of Corpus Christi, and from the facts in the case of Boone v. City of Tyler, supra, and that herein the facts amply support the implied findings that the payments in question were made voluntarily and therefore were not recoverable. We quote from McQuillan on Municipal Corporations, 2nd Ed.Rev., Vol. 6, p. 739, Sec. 2671:

"The general rule is that in the absence of fraud, imposition, undue influence, and the like, money paid with full knowledge of the facts but under a mistake of law cannot be recovered back."

The judgment of the trial court in all things is affirmed.