

# THE ATTORNEY GENERAL

## OF TEXAS

### AUSTIN 11, TEXAS

**WILL WILSON**
**ATTORNEY GENERAL**

November 24, 1959

Mr. Jack N. Fant
County Attorney
El Paso County
El Paso, Texas

Opinion No. WW- 736

Re: Whether County Tax Assessor
and Collector may make a
refund of alleged over-
payment of occupation tax
on certain amusement machines
collected under Article 7047,
V.C.S.

Dear Mr. Fant:

We quote from your opinion request as follows:

"In the early part of February, 1958, Frontier
Music Company, Inc., paid the County Tax Assessor
and Collector a certain sum of money as occupation
tax on fifty Class 'D' amusement machines. This
payment was made pursuant to Article 7047 which
allows counties to levy such an occupation tax
in an amount of one-half the amount paid to the
State.

"It seems that after this tax was paid a
decision was rendered by a Justice of the Peace
Court in Dallas and that pursuant to said decision
the State Comptroller's Office agreed to a payment
of a lesser tax to the State. Frontier Music Com-
pany, Inc. made application to the County Tax
Assessor and County Judge for a refund of their
alleged overpayment and this application was approved
and said refund made. This Company made a similar
application to the City for a refund of an alleged
overpayment to them. Up to the present time the
City has not made a refund of this money due to the
fact that their Legal Department has a serious
question as to the legality of such refund. The
City Legal Department has informed me that they have
received certain communications from your Comptroller's
office which indicate that said office approved the
refund of the overpayment made to them by this Com-
pany.

"The City and County are both interested in this
matter even though the County has already paid said
refund and I should therefore like an opinion from

your office on this matter because there are certain other companies that are in a similar position and that may make application for such refund.

"My investigation as to the law applicable to this matter leads me to believe that a refund should not be made if the payment was voluntarily tendered. We believe that this payment was in fact made voluntarily but there is a doubt as to this feature because of the business compulsion doctrine as expressed by some of the cases.

"I further believe that certain companies in this City and possibly in other cities in the State did not pay their occupation tax at the time the payment became due in order to purposely await the outcome of this Justice of the Peace decision in Dallas. After this case was decided and the Comptroller agreed to the reclassification of these machines these companies then paid their tax on the new reclassification and thus paid a lesser amount than the Companies who had been punctual in paying their tax when due. The effect of refusing a refund to these companies would be to penalize them for paying their taxes promptly.

"Because of the possibility of other companies asking for a similar refund and in order to be able to properly handle this problem in the future I would appreciate your furnishing me with an opinion as hereinabove requested."

In reference to the question of voluntary payment, vel non, it is stated in 64 A.L.R. 9 at page 14:

"The rule in Texas although said by the Court to be, perhaps, more liberal than is sanctioned by the current of authority elsewhere, recognizes that a payment of taxes may be compulsory, although not made to relieve the person or goods from seizure or detention, actual or threatened, where it is made under circumstances creating a moral pressure of 'equal influence preventing the free will.' Galveston Gas Company v. Galveston County, (1881) 54 Tex. 287 ..." (Emphasis added)

Duress may be implied as well as express and the legal liability to repay or refund is the same in both instances. Austin National Bank of Austin v. Sheppard, 71 S.W.2d 242 (Tex. Com.App. 1934, opinion adopted); National Biscuit Company v. State, 135 S.W.2d 687 (Tex.Sup.Ct. 1940). The case of Crow,

et al. v. City of Corpus Christi, 209 S.W. 2d 922 (Tex.Sup. Ct. 1948) is closely analogous to the situation in question. This case involved an action to recover certain taxes paid to the City of Corpus Christi under an invalid ordinance. The Plaintiff admitted that the taxes and charges were paid without protest or notice of protest to the city, but asserted that he would not have paid them except for the penal provisions contained in the ordinance. The holding of the Court is embodied in the statement contained in the decision at page 925:

"... The city received from the companies money to which it now appears it was not entitled and, under the circumstances detailed, it would not be just for the city to continue to retain the money. It appears from the record as a whole, and is consonant with the trial court's judgment, that it was paid to the city under the pressure of the particular means employed for its collection, which were tantamount to compulsion of duress within the purview of the cited cases. It would be against good conscience for the city not to pay back to petitioners the money thus received ..."

The Court recognized that the common law doctrine of duress has been expanded and that many courts have adopted the doctrine of "business compulsion" under which it is established that where a reasonably prudent man finds that in order to preserve his property or protect his business interest, it is necessary to make a payment of money which he does not owe, and which in equity of good conscience the receiver should not retain, the payment may be recovered. See 40 Am.Jur. 831.

The case of State of Texas v. Akin Products Company, et al., 286 S.W.2d 110 (Tex.Sup.Ct. 1956), upon which the decisions in the gas gathering tax refund cases[1] were based, established the proposition that taxes paid under the duress of an unconstitutional statute may be recovered on the ground that the payment thereof is involuntary. At page 111, the Supreme Court, quoting the decision of the Court of Civil Appeals, stated:

"In the event the Plaintiffs had refused to post the required bond and pay the required taxes, the

---

[1] State v. Tennessee Gas Transmission Co., 289 S.W.2d 309 (Tex. Civ. App. 1956, ref. n.r.e.); State v. Transcontinental Gas Pipe Line Corporation, 292 S.W.2d 826 (Tex.Civ.App. 1956, ref'd.); State v. El Paso Natural Gas Company, 300 S.W.2d 170 (Tex.Civ. App. 1957).

Act /the Texas Citrus Commission Act, H.B. 29,
Acts 51st Leg., R.S., 1944, Ch. 93, page 150, held
unconstitutional by the Texas Supreme Court
in H. Rouw Company v. Texas Citrus Commission,
151 Tex. 182, 247 S.W.2d 231/ did these things:
(1) imposed a penalty at the rate of $50 each
day for the violation; (2) declared that the taxes
were the personal obligation of the taxpayer, and
imposed interest at the rate of 10% on all unpaid
taxes; (3) declared the failure to post the bond
or pay the tax as illegal, and (4) expressly
directed the courts, on request of the commission,
to restrain or abate any violations and to grant
injunctive relief which could be mandatory."

It is submitted that insofar as the law applicable
to the situation described in your opinion request is concerned,
the foregoing cases are controlling.  There is no distinction
sufficient to justify different legal treatment between a
situation where taxes are required to be paid under ordinances
or statutes subsequently declared unconstitutional, and a
situation where taxes required to be paid under a certain statute
or ordinance are subsequently determined to have been erroneous-
ly demanded and collected.

Article 7047a, V.A.C.S., under which the questioned
tax payments were made, contains the following penalty and
enforcement provisions:

1.  Every machine subject to payment of the tax upon
which the tax has not been paid is declared to be a public
nuisance and is subject to being seized and destroyed by the
Comptroller of Public Accounts (Article 7047a-5).

2.  In the event of non-payment of the tax, the taxpayer
is required to forfeit to the State as a penalty the sum of
not less than $25 nor more than $500 for each day's violation
(Article 7047a-12).

3.  Failure to comply with any provision of the Act con-
stitutes a misdemeanor; upon conviction the taxpayer is subject
to a fine of not less than $25 nor more than $200 (Article 7047a-
13).

It is apparent, therefore that if a taxpayer made tax payments
such as are described in the opinion request under duress of
the penal and enforcement provisions of Article 7047a, such
payments are not voluntary and may be recovered.  However,
determination of whether tax payments are actually made under
duress of such provisions is a question of fact.  Rainey v.

City of Tyler, 213 S.W.2d 57 (Tex.Civ.App. 1948). The latter case involved facts directly analogous to the case of Crow v. City of Corpus Christi. In distinguishing the Crow case, the court stated at page 58:

"It follows, therefore, that in cases where there is competent evidence of such a nature developed as might be a basis for causing reasonable minds to differ as to whether or not the payments in question were made under compulsion or duress, an issue of fact is presented to be determined by the jury, or by the court that tries the case. In the case under consideration herein, the trial judge presumptively found that the tax payments were voluntarily made by Rainey, who had the ordinance in question prepared and presented to the City Commission of Tyler, and accordingly rendered judgment that they could not be recovered. In the case of Crow v. City of Corpus Christi, as well as in the Boone v. City of Tyler case, supra, it is to be noted that the holdings were predicated on the fact that the payments were made under duress or compulsion . . ."

Based on this reasoning the court held that under the facts there presented, the payments were voluntarily made and could not be recovered.

In your opinion request letter you set forth no facts to which the foregoing principles can be applied. You state only that there is a "possibility of other companies asking for a similar refund".[2] In view of this, you are advised that if and when such refund claims are made, your decision must be

---

[2] The Attorney General cannot advise the various city attorneys of the State and cannot render opinions regarding questions involving a city's legal problems. See Article 4399, V.A.C.S. Consequently, this opinion cannot be construed as being rendered in reference to the portion of the opinion request which deals with the application to the City of El Paso for a tax refund. Even if the city's question could be answered, in view of the Rainey case, sufficient facts are not set forth on which to base a conclusion.

based upon the particular facts or circumstances surrounding each individual claim, and that if payment was actually made under duress or compulsion of the penal and enforcement provisions of Article 7047a refund should be made.

### SUMMARY

Refunds of taxes erroneously paid under Article 7047a, V.A.C.S., should be made if such taxes were actually paid under compulsion or duress of the penal and enforcement provisions of said Article. This is a fact question to be determined from the particular circumstances surrounding each claim for refund.

Yours very truly,

WILL WILSON
Attorney General of Texas

By _____
Jack N. Price
Assistant

JNP:cm

APPROVED:

OPINION COMMITTEE:
John Reeves, Chairman

J. Arthur Sandlin
Robert G. Scofield
Robert T. Lewis

REVIEWED FOR THE ATTORNEY GENERAL

By: W. V. GEPPERT