**Mrs. Jessie JAY, a widow, Appellant,**

v.

**L. E. DEVERS et al., Appellees.**

**No. 5129.**

Court of Civil Appeals of Texas, Eastland.

March 16, 1978.

Rehearing Denied April 13, 1978.

John F. Boyle, Jr., Hutchinson, Price & Boyle, Dallas, for appellant.

C. David Fielder, Perdue, Brandon, Blair, Shiever, & Fielder, Fort Worth, for appellees.

WALTER, Justice.

Mrs. Jessie Jay sued L. E. Devers, Tax Assessor-Collector for the Duncanville Independent School District, and the Duncanville Independent School District to recover payment of her 1974 ad valorem taxes. The case was submitted to the court without a jury on agreed facts pursuant to Rule 263, T.R.C.P. The trial court ordered Jay take nothing. Jay has appealed. We affirm.

Jay contended her 1974 ad valorem taxes were an overpayment resulting from Devers' failure to assess her property under Tex.Const. art. VIII, § 1–d, which, in general, establishes a standard of assessment, other than fair market value, for land designated for agricultural use. Taxes were assessed at $23,112.72. On January 31, 1975, Jay tendered the full amount by check with a notation on the check "paid under protest". By agreement, Devers was to hold the check for 30 days. On February 28, 1975, Jay's attorney instructed Devers to deposit the check. Devers did so and issued tax receipts on the same day. The check cleared Jay's bank on March 3, 1975.

By an unsworn application dated December 31, 1974, Jay sought to have her property assessed pursuant to Tex.Const. art. VIII, § 1–d. Devers denied this application on January 6, 1975. Jay filed a subsequent application on February 27, 1975, which Devers denied on March 20, 1975.

Jay alleges the evidence conclusively establishes that she paid her taxes involuntarily under duress and compulsion. Alternatively, Jay argues the trial court's finding that her taxes were paid voluntarily is against the great weight and preponderance of the evidence. We do not agree.

■ Jay further argues the payment of the ad valorem taxes by check with words "paid under protest", written on the face of the check to avoid risk of penalty and interest, conclusively establishes payment was made involuntarily. Additionally, Jay urges the trial court's finding that such manner of payment was voluntarily made is against the great weight and preponderance of the evidence. We do not agree with this argument. We note that the agreed statement of facts filed pursuant to Rule 263, T.R.C.P., does not include an agreed statement that payment was made to avoid the risk of incurring statutory penalty and interest. Under Rule 263, the trial court and reviewing court are limited to the agreed facts and cannot make any findings of fact not conforming to the agreed facts. *Shoppers World, Inc. v. State,* 373 S.W.2d 374 (Tex.Civ.App.—San Antonio 1963), aff'd, *State v. Shoppers World, Inc.,* 380 S.W.2d 107 (Tex.1964); *Parsons v. Watley,* 492 S.W.2d 61 (Tex.Civ.App.—Eastland 1973, no writ).

■ The issue of whether taxes were paid voluntarily or involuntarily is a question of fact to be determined by the trier of the facts. *Rainey v. City of Tyler,* 213 S.W.2d 57 (Tex.Civ.App.—Texarkana 1948, writ ref. n.r.e.); *Slaughter v. Sundown Independent School District,* 41 S.W.2d 478 (Tex.Civ.App.—Amarillo 1931, writ dism'd).

■ It is well recognized in Texas that there is no claim for recovery of taxes paid voluntarily and a mere showing that ad valorem taxes were paid "under protest" will not support the taxpayer's claim for recovery. *Howell v. City of Dallas,* 549 S.W.2d 36 (Tex.Civ.App.—Waco 1977, writ ref. n.r.e.); *National Biscuit Co. v. State,* 134 Tex. 293, 135 S.W.2d 687 (1940); *Austin National Bank v. Sheppard,* 123 Tex. 272, 71 S.W.2d 242 (1934).

■ The trial court found Jay had "voluntarily" paid her 1974 ad valorem taxes and denied Jay's suit to recover the alleged overpayment. We have carefully examined the record and find the evidence does not conclusively establish that Jay paid her ad valorem taxes involuntarily. After reviewing and weighing all the evidence in the

case, we hold the trial court's findings not to be so against the great weight and preponderance of the evidence as to be manifestly unjust. *In re King's Estate,* 150 Tex. 662, 244 S.W.2d 660 (1951).

 Furthermore, we hold that Jay's "unsworn" application filed on December 31, 1974, was not timely filed. *Gragg v. Cayuga Independent School District,* 539 S.W.2d 861 (Tex.1976); Tex.Att'y Gen.Op. No. H–988 (1977).

We have carefully considered all of Jay's points of error and find no merit in them. They are overruled.

The judgment is affirmed.