**Blanche D. MOORE, Appellant,**

**v.**

**A. T. WHITE, Tax Assessor-Collector, City of Corpus Christi, Texas, Corpus Christi Independent School District, Corpus Christi Junior College District, Richard D. Magee, Nueces County Tax Assessor-Collector, State of Texas, County of Nueces, and the Nueces County Hospital District, Appellees.**

**No. 1271.**

Court of Civil Appeals of Texas, Corpus Christi.

June 22, 1978.

Rehearing Denied Aug. 29, 1978.

William J. Tucker, Wood, Boykin & Wolter, Corpus Christi, for appellant.

F. Hal George, Michael J. Westergren, County Atty., Corpus Christi, for appellees.

OPINION

YOUNG, Justice.

Appellant, Blanche D. Moore, sued appellee, A. T. White, Tax Assessor-Collector

representing the City of Corpus Christi, the Corpus Christi Independent School District, and the Corpus Christi Junior College District, hereafter called "City Defendants," and appellee, Richard D. Magee, Tax Assessor-Collector representing the State of Texas, Nueces County, and the Nueces County Hospital District, hereafter called "County Defendants," to recover an alleged overpayment of her 1973 ad valorem taxes. Her suit, originally filed on January 14, 1976, claims her payment to the taxing authorities on January 30, 1974, was an overpayment because her property in Nueces County, Texas, was not assessed and taxed pursuant to the agricultural use exemption provided for in Tex.Const. art. VIII, § 1–d. Trial was to the court without a jury. The trial court entered a take nothing judgment. Mrs. Moore appeals. We affirm.

Findings of fact and conclusions of law were requested and filed. These findings set forth the following pertinent facts. Mrs. Moore is the owner of three parcels of land described as tracts A, B and C. On April 19, 1973, Mrs. Moore submitted to the City Defendants a form entitled "1973 Inventory of Property Subject to Ad Valorem Taxes" for tracts A, B and C. Mrs. Moore rendered tract A for $55,900.00 and tracts B and C for $138,937.00 for the 1973 tax year.

On August 1, 1973, the City of Corpus Christi adopted its budget for its fiscal year which comprised the period from August 1, 1973, through July 31, 1974; and on the same day, it levied and assessed the taxes it intended to collect for the 1973 tax year. The City Boards of Equalization completed their task on September 1, 1973, and adopted the tax roll for the 1973 tax year. They assessed Mrs. Moore's land at its fair market value rather than its "agricultural use" value. Tract A was valued at $1,655,848.00 and tracts B and C were valued at $138,937.00. The Boards of Equalization for the other two City Defendants adopted these valuations for their assessments. Prior to December 18, 1973, the County Defendants valued tract A at $324,435.00 and tracts B and C at $24,698.00 and Mrs. Moore received tax statements from both the City and County Defendants which reflected the increased values placed upon her property.

On December 18, 1973, Mrs. Moore filed her Sworn Declaration of Land for Agricultural Use with all Defendants herein. For the year 1973, and for at least three years prior thereto, Mrs. Moore grew crops on tracts A, B and C. Also, during that time her primary occupation was farming, and her gross income from farming operations exceeded her gross income from any other occupation or business venture carried on for profit.

On or about January 24, 1974, the assistant Tax Assessor-Collector for the City Defendants and the Tax Assessor-Collector for the County Defendants informed Mrs. Moore's attorney that her request for an agricultural use designation for 1973 would be denied because it was not timely filed.

On January 30, 1974, Mrs. Moore paid to all defendants herein her ad valorem taxes as assessed but wrote the words "payment under protest" on the checks. Mrs. Moore made this payment in order to avoid the accrual of interest and penalty after January 1, 1974, and to prevent the taxing authorities from seizing and or selling her property.

In April, 1975, Mrs. Moore appeared before the Commissioners' Court of Nueces County and requested a refund. The request was denied. She did not appear before any other governing bodies or their Boards of Equalization.

Each year the City Tax Assessor prepares estimates of property valuations and submits them to the City Budget Office. The City budget for the upcoming year is prepared from these estimates. According to one of the trial court's findings, the refund which Mrs. Moore seeks would result in a significant change in the City's budget.

In their pleadings, and during the trial, the Defendants argued: that Mrs. Moore's application for the agricultural use exemption was untimely filed; that an April 30th filing cut off date for the year in which the agricultural use exemption is claimed is within the discretion of the taxing authority and is in accordance with Tex.Rev.Civ.

Stat.Ann. art. 7151 (Supp.1978); that her payment was made voluntarily and thus she had no right to a refund; that she failed to exhaust her administrative remedies against the City of Corpus Christi; and that Mrs. Moore's allegation that the assessment was grossly excessive could not be shown unless she proved fraud, want of jurisdiction, illegality or the adoption of a fundamentally erroneous method of valuation by the respective Boards of Equalization.

Appellant brings forward five points of error. In those points she challenges the following holdings of the trial court: 1) that the agricultural use exemption was not timely filed; 2) that the defendant taxing authorities have a discretionary right to require taxpayers to file their sworn statements by April 30th of the tax year in which the exemption is sought; 3) and 4) that Mrs. Moore failed to exhaust her administrative remedies; and 5) that she failed to show the action of the respective Boards of Equalization was fundamentally erroneous. By cross point, appellees contend that the trial court erred in holding that appellant's payment of her 1973 ad valorem taxes was involuntary.

The central issue in this appeal is whether, under the facts of this case, the submission of a land use exemption form on December 18, 1973, for the year 1973 was timely filed. We find it was not.

Appellant primarily argues that Tex.Const. art. VIII, § 1–d, is self-executing and therefore an administrative agency cannot impose arbitrary constraints upon the means by which one qualifies for the exemption. While we agree that the amendment is self-executing, we find that the framers did not include any language about when the request for agricultural use should be filed. In this situation, it is the courts' duty to determine the intent from the other provisions, including the general purpose, from the entire enactment. See *Gragg v. Cayuga Independent School District*, 539 S.W.2d 861, 866 (Tex.Sup.1976).

The Supreme Court has ascertained the framers' intent as to when the exemption request should be filed. In *Gragg*, supra,

the Court considered a case in which a school district sued a taxpayer landowner for delinquent ad valorem taxes for the years 1971, 1972 and 1973. The landowner defended by contending the applicability of the agricultural use designation. The trial court entered judgment in favor of the school district and the Court of Civil Appeals affirmed. On appeal by the landowner, the Court set forth at page 869 the rule to follow when determining whether a landowner qualifies for the exemption:

"We hold that a landowner seeking the agricultural use designation and assessment can qualify by discharging his burden of *timely* showing in a proper administrative or judicial proceeding that his land is designated for agricultural use under the terms of Sec. 1–d of Article 8, . . . ." (Emphasis supplied.)

The Court then continued at page 869:

"As hereafter shown, [the landowner] Petitioner Gragg failed to carry his burden of proof *timely* or satisfactorily with reference to his gross income from agricultural as compared to other business ventures." (Emphasis supplied.)

In reference to its timeliness statement the Court then later explained at page 870:

". . . Petitioner [landowner] Gragg wholly failed to attack by appeal or seek injunctive relief from the assessment of his property upon which the school district's suit is based. He sat by and permitted the assessments to be made, the tax rolls to be prepared, and this suit for taxes to be filed against him before challenging the refusal of the tax assessor to give his land the agricultural use designation."

In *Jay v. Devers*, 563 S.W.2d 880 (Tex. Civ.App.—Eastland 1978, no writ) Mrs. Jay sued Devers, the Tax Assessor-Collector for the Duncanville Independent School District to recover an alleged overpayment of her 1974 ad valorem taxes resulting from Devers' failure to assess her property under Tex.Const. art. VIII § 1–d. The case was submitted on an agreed statement which showed that Mrs. Jay had filed her applica-

**536**

tion for a 1974 exemption on December 31, 1974. The application was denied. She later paid the full assessment. The trial court ordered that Mrs. Jay take nothing and the Court of Civil Appeals affirmed. That in addition to the fact that Mrs. Jay could not recover her overpayment because she had "voluntarily" paid the taxes, the Court stated:

> "Furthermore, we hold that Jay's 'unsworn' application filed on December 31, 1974, was not timely filed. *Gragg v. Cayuga Independent School District,* 539 S.W.2d 861 (Tex.Sup.1976); Tex.Att'y Gen.Op. No. H–988 (1977)."

We therefore hold that Mrs. Moore's application filed on December 14, 1973, for the 1973 tax year was not timely filed. This is so because she waited until after the Defendants' plans of taxation were put into effect before filing her claim for exemption. See also *Maxwell v. White,* 564 S.W.2d 396 (Tex.Civ.App.—Fort Worth 1978, no writ) and *Mississippi Valley Life Ins. Co. v. City of El Paso,* 131 S.W.2d 191 (Tex.Civ.App.—El Paso 1939, no writ), for discussions of the importance of timely requests by taxpayers for favorable tax treatment. Appellant's first point is overruled.

Our decision on this point renders it unnecessary for us to consider appellant's other points and appellees' cross-point.

The judgment of the trial court is affirmed.