GRANDVIEW INDEPENDENT SCHOOL
DISTRICT, Appellant,

v.

John W. STOREY et ux., Appellees.

No. 6119.

Court of Civil Appeals of Texas,
Waco.

Nov. 1, 1979.

Robert M. Huey, McCreary & Huey, Austin, for appellant.

Kenneth W. Boyd, Cleburne, for appellees.

## OPINION

McDONALD, Chief Justice.

This is an appeal by Grandview ISD from judgment finding its 1971 through 1977 tax assessments on 197 acres owned by John W. Storey and wife, based on market value rather than agricultural value, void; and decreeing the Storeys pay taxes based on the agricultural value in the sum of $2,782.68.

Grandview ISD filed this suit against the Storeys for delinquent taxes on real and

personal property owned by the Storeys for the years 1971 through 1977.

The Storeys filed suit against the School District to enjoin the District from assessing or collecting taxes on the real estate for the years 1971 through 1977 on a valuation other than a valuation for agricultural use; and answered the School District's suit alleging land had been at all times used for agricultural purposes as a business for profit and was the primary occupation and source of income of the Storeys; that they each year filed or attempted to file with the Tax Assessor-Collector of the District a sworn statement describing the use to which the land is devoted and designating the land for agricultural use; that such statements were timely tendered and were refused for filing by the Tax Assessor-Collector, or the Tax Assessor-Collector represented the sworn statements should be filed at a later date and the Storeys in reliance on such representations did file the statements at the later date; that the Storeys had timely tendered their taxes based on the agricultural use designation and such tender was refused; that the District is estopped to collect the taxes and has waived the right to collect the same on any basis other than an assessment based on agricultural use.

The trial court consolidated the two suits.

Trial was to the court which found:

1) The School District's assessments for 1971 through 1977 of the Storeys' 197 acres "were based on market value rather than agricultural value under the provisions of Article VIII, Section 1d of the Constitution of the State of Texas, and the court finds such assessments to be void as to the real property * * * and that John W. Storey and wife should pay taxes based on the agricultural value in the sum of $2,782.69; 2) the School District entitled to judgment for the personal property taxes sued on in the sum of $356.25; and for $281.53 taxes on the land for January through August 1978 under Article 7326a VATS.

The trial court rendered judgment for the School District for the foregoing amounts.

The School District appeals on 5 points presenting 4 principal contentions.

Contentions 1, 2 and 3 assert the trial court erred in decreeing an agricultural valuation for the Storeys' land; in voiding the assessment based on market value; and in not rendering judgment for the District on the taxes sued for based on market value.

The Texas Constitution, Article 8, Section 1–d as relevant here provides:

"(a) All land owned by natural persons which is designated for agricultural use in accordance with the provisions of this Section shall be assessed for all tax purposes on the consideration of only those factors relative to such agricultural use. 'Agricultural use' means the raising of livestock or growing of crops * * * under natural conditions as a business venture for profit, which business is the primary occupation and source of income of the owner.

"(b) For each assessment year the owner wishes to qualify his land under provisions of this Section as designated for agricultural use he shall file with the local tax assessor a sworn statement in writing describing the use to which the land is devoted.

"(c) Upon receipt of the sworn statement in writing the local tax assessor shall determine whether or not such land qualifies for the designation as to agricultural use as defined herein and in the event it so qualifies he shall designate such land as being for agricultural use and assess the land accordingly."

Thus, to qualify under the above the lands must be owned 1) by natural persons; 2) who use the lands in raising livestock or growing of crops; 3) as a business venture for profit; and 4) which business is the primary occupation and source of income of the owner. *Klitgaard v. Gaines*, (Tex.Civ. App. Austin) NRE, 479 S.W.2d 765. The foregoing must be attested to by a sworn statement in writing filed with the local tax assessor. Such statement should be filed between January 1, and April 30. See: Article 7189 VATS.

Storey and wife have owned the 197 acres since 1953, and have lived on such property

since 1967. The property has been exclusively used for agricultural purposes since 1953. Since 1968 Mr. and Mrs. Storey have been employed nowhere other than operating the farm, which has been their primary occupation and source of income.

In 1971 Mr. Storey desired to qualify his land for taxation under the agricultural use exemption with the Grandview ISD. He filed the requisite Sworn Declaration of Land for Agricultural Use on April 30, 1971 and provided all information requested by the Tax Assessor, except his income tax return, but did furnish all income information as contained in his income tax return. The financial information furnished was for the prior year, which is proper. The agricultural use assessment was rejected for 1971. There is evidence it was rejected to prevent a "threatened lawsuit" by other parties. In 1972, 1973 and 1974 Mr. Storey attempted to file the Sworn Declaration of Land for Agricultural Use with the District's Tax Assessor between January 1 and April 30, but such filing was rejected. The financial information furnished was from the prior year, which was proper. He furnished all information requested by the Tax Assessor including his income tax returns except for 1973 and 1974 when he did not have to file Income Tax returns. For those years all requisite financial information was furnished. The agricultural use exemption for these years, 1972, 1973 and 1974, was rejected. There is evidence from which the trial court could believe and conclude that such rejection was because the prior years' figures were used (instead of the current years' financial figures which could in no way be available before April 30, but which the Tax Assessor believed was required); and because the taxing authorities believed that all of the Storeys' Social Security, Pension and interest income should be counted in determining the exemption.

In 1975 Mr. Storey went to the school tax office prior to April 30 to file for his Agricultural Use Declaration. The Tax Assessor told him he could not use "last years income" or financial figures", and that he had to use "1975 figures"; that he would have to wait until his 1975 figures were in and then file the Agricultural Use Declaration at the end of the year or right after the end of the year. He filed the declaration for 1975 on January 15, 1976 as per the Tax Assessor's instructions.

The 1975 agricultural use exemption was rejected because the school's attorney told the Tax Assessor the land "didn't qualify". The attorney's advice was in response to a letter to him from the Tax Assessor which stated "The land is not being used for agriculture".

The Agricultural Use Declaration for 1976 was filed by Mr. Storey after the first of the year 1977 on instruction of the Tax Assessor. The 1976 Agricultural Use Declaration was denied by the School District because it was filed "too late" * * * "this should have been filed back in April".

Mr. Storey filed the Agricultural Use Declaration for 1977 after the first of the year 1978 and it was rejected as "not timely filed".

It is interesting to note that Mr. Storey argued with the Tax Assessor about the requirement that the current year's financial figures must be used and that the Declaration could be filed after the first of the year, correctly advising the Tax Assessor that "last year's figures" should be used and the Declaration filed by April 30.

Mr. Storey has tendered his taxes as computed by him (utilizing his Agricultural Use Declaration and an agreement he had with the Tax Assessor that the "formula" used by the County Tax Assessor could be used) on several occasions, but the Tax Assessor had refused the payment or returned his check with the statement that they do not "accept a partial payment".

█ The record is conclusive that the School District's failure to grant the Storeys the agricultural use exemption for the years 1971 through 1977 was unreasonable, arbitrary, illegal, and in violation of the requirements of the law.

The trial court correctly voided the assessments for the years 1971 through 1977. *City of Waco v. Conlee Seed Co., Inc.*, Tex.,

449 S.W.2d 29; *Whelan v. State,* 155 Tex. 14, 282 S.W.2d 378; *Gragg v. Cayuga Ind. Sch. Dist.,* Tex., 539 S.W.2d 861; *Klitgaard v. Gaines,* (Tex.Civ.App. Austin) NRE, 479 S.W.2d 765; *San Marcos Con. Ind. Sch. Dist. v. Nance,* (Tex.Civ.App. Austin) NRE, 495 S.W.2d 335.

Contentions 1, 2 and 3 are overruled.

Contention 4 asserts the trial court erred in granting judgment for a dollar amount of taxes due by the Storeys to the School District for the reason the court was without jurisdiction to determine value or to equalize taxes.

Article 7346 VATS gives the taxing agency the right to re-assess the property in question when an assessment has been held invalid by a court in a suit to enforce the collection of taxes. See: *Electra Ind. Sch. Dist. v. W. T. Waggoner Estate,* 140 Tex. 483, 168 S.W.2d 645; *San Marcos Con. Ind. Sch. Dist. v. Nance,* supra.

We reform the judgment to provide that the Grandview ISD is mandatorily enjoined to re-assess the 197 acres of the Storeys for all tax purposes for the years 1971 through 1977 on the consideration of only those factors relative to such agricultural use of the lands as provided and required by Article 8, Section 1–d (a) of the Constitution of Texas. In all other respects the judgment is affirmed.

Costs of appeal are taxed against the Storeys. *City of Waco v. Owens,* Tex., 442 S.W.2d 324.

REFORMED AND AFFIRMED.