

# The Attorney General of Texas

October 29, 1980

‹ WHITE
ɪey General

e Court Building
x 12548
TX. 78711
-2501

ɪmerce, Suite 200
ˉX. 75202
-8944

ɪerta Ave., Suite 160
TX. 79905
-3484

llas Ave., Suite 202
ɪ. TX 77002
-0666

adway, Suite 312
ɪ, TX. 79401
-5238

Tenth, Suite B
. TX. 78501
-4547

ɪ Plaza, Suite 400
onio. TX. 78205
-4191

il Opportunity/
ive Action Employer

Honorable Ben Z. Grant, Chairman  
Judiciary Committee  
House of Representatives  
Austin, Texas  78769

Honorable Neal Pfeiffer  
Criminal District Attorney  
Bastrop County  
P. O. Box 753  
Bastrop, Texas  78602

Opinion No. MW-259

Re: Failure to timely apply for residence homestead exemptions and related matters

Gentlemen:

Each of you has questioned the effect of a taxpayer's failure to timely apply for a residence homestead exemption from local ad valorem taxes. Representative Grant's inquiry is limited to the exemptions addressed in subsection (c) of article VIII, section 1-b of the Texas Constitution. He asks if tax exemptions thereunder are lost if taxpayers fail to make timely applications therefor.

Mr. Pfieffer's question embraces exemptions afforded pursuant to subsection (b) of that section, as well as subsection (c) exemptions. He asks if a school district may allow homestead exemptions — and be reimbursed under section 20.81(a) of the Education Code for the loss of revenue occasioned thereby — where taxpayers' applications for exemptions were made out of time because the district failed to provide taxpayers timely notice of the need to file them, or to provide them proper forms for the purpose.

Recent Texas cases have emphasized that one who seeks a favored position with reference to the imposition of taxes labors under the burden of showing clearly that he comes within the terms of the constitutional provision he invokes. See Smith v. Padgett, 596 S.W. 2d 530 (Tex. Civ. App. - Beaumont 1979, writ ref'd n.r.e.). And where the framers of a constitutional provision regarding a tax exemption have not specified when a taxpayer must show himself qualified for the exemption provided, the courts will determine the intent from the entire enactment. Moore v. White, 569 S.W. 2d 533 (Tex. Civ. App. - Corpus Christi 1978, writ ref'd n.r.e.). See Gragg v. Cayuga Ind. School District, 539 S.W. 2d 861 (Tex.), appeal dism'd, 429 U.S. 973 (1976).

In Moore, supra, the court determined that an application for special tax treatment under the "agricultural use" provision of the constitution, article VIII, section 1-d, Texas Constitution, filed in December of a tax year was untimely, and thus not entitled to recognition, because the taxpayer "waited until after the [taxing authority's] plans of taxation were put into effect before filing her claim for exemption." 569 S.W. 2d at 536. In Gragg, supra, the supreme court held that a taxpayer was not entitled to an "agricultural use" exemption from market value taxation because "[h] e sat by and permitted the assessments to be made, the tax rolls to be prepared, and [a] suit for taxes to be filed against him before challenging the refusal of the tax assessor to give his land the agricultural use designation." 539 S.W. 2d at 870. It would thus appear that taxpayers can estop themselves by tardiness from asserting rights to tax advantages allowed them by the constitution. See also Jay v. Devers, 563 S.W. 2d 880 (Tex. Civ. App. - Eastland 1978, no writ); Attorney General Opinion H-988 (1977).

In our opinion, the same rationale would apply to applications for residence homestead exemptions under subsections (b) and (c), section 1-b, article VIII of the constitution. The subsection (c) provision, affording a $5,000 homestead exemption, like the agricultural use provision of section 1-d, is self-executing. And like the 1-d provision, the 1-b provisions operate to exempt part of the market value of property from taxation, not the entire property. None of the exemptions are automatically allowed. Each person who wishes to secure the benefits thereof must show himself entitled to them.

But this is not to say that the legislature or other taxing authorities may arbitrarily establish cutoff dates for the recognition of claims to constitutional exemptions and by that device subject constitutionally exempt property to taxation. See Prop. Tax Code §11.43(d), .43(e). In Lower Colorado River Authority v. Chemical Bank & Trust Co., 190 S.W. 2d 48 (Tex. 1945), the supreme court held, "What the constitution exempts from taxation the legislature has no power to require to be taxed." On a number of occasions this office has applied that holding to legislatively or administratively established deadlines for claiming homestead exemptions, saying in each case that a failure to meet the deadline did not in itself deprive the taxpayer of the exemption. See Attorney General Opinions MW-146 (1980); H-548 (1975); H-309 (1974); O-6842 (1945).

Where the constitution does not exempt a particular kind of property but merely permits its exemption without prescription, the legislature may ordinarily limit the exemption as it pleases. Dickison v. Woodmen of the World Life Ins. Soc., 280 S.W. 2d 315 (Tex. Civ. App. - San Antonio 1955, writ ref'd). However, where a power is expressly given by the constitution and the mode of its exercise is prescribed, such mode is exclusive of all others. Parks v. West, 111 S.W. 726 (Tex. 1908). Although the $10,000 "elderly" and "disabled" exemptions permitted by article VIII, section 1-b, subsection (c) of the constitution are not self-executing, the provision does expressly provide the way eligibility for them may be conditioned by the legislature. It may "base the amount. . . and condition eligibility. . . on economic need." The express permission to condition eligibility on economic need is an implied prohibition against other eligibility conditions. See Ferguson v. Wilcox, 28 S.W. 2d 526, 532 (Tex. 1930). In

our opinion, neither the legislature nor other taxing authorities may constitutionally make eligibility for residence homestead exemptions depend upon compliance with an arbitrary filing deadline. See Attorney General Opinion MW-146 (1980).

Whether a late-filing taxpayer is estopped from claiming a homestead exemption in a particular case will depend on the facts of the matter, but a legislatively designated cutoff date will not necessarily control the question. A person estopped to claim an exemption because he delayed asserting his rights beyond the time administratively feasible for redressing the wrong has not been subjected to an unconstitutional exercise of legislative power; he has brought the difficulty upon himself. See generally 22 Tex. Jur. 2d Estoppel §1, at 660.

Applying the foregoing conclusions to Mr. Pfeiffer's question, we believe the school district may recognize otherwise-allowable homestead claims made out of time. In fact, it would be difficult for the district to show taxpayers estopped from claiming them where the district itself was responsible for the late filing. See Grandview Ind. School District v. Storey, 590 S.W. 2d 215 (Tex. Civ. App. - Waco 1979, no writ).

But, we do not believe the district will be necessarily entitled to reimbursement from the state under article 20.81(a) of the Education Code. That provision was passed to comply with a constitutional dictate found in article VIII, section 1-b, subsection (c). It makes payable to a school district the "amount of taxable value actually lost" by applications of the statute implementing article VIII, section 1-b of the constitution, but to receive the payment, a school district is statutorily required to apply for it on or before a legislatively established cutoff date, November 1st of the tax year. Educ. Code §20.84. Although estoppel is not ordinarily available as a defense against claims of a political subdivision of the state, we think the rationale of the Gregg and Moore cases previously discussed might be applied to estop the school district from claiming the reimbursement where its own delay made reimbursement not administratively feasible. See City of Hutchins v. Prasifka, 450 S.W. 2d 829 (Tex. 1970).

### SUMMARY

A legislatively designated cutoff date for homestead exemption claims under article VIII, section 1-b of the Texas Constitution will not alone operate to deprive a taxpayer of an exemption, but the taxpayer may become estopped to claim the exemption if his delay makes its recognition administratively impracticable.

Very truly yours,

MARK WHITE
Attorney General of Texas

JOHN W. FAINTER, JR.
First Assistant Attorney General

RICHARD E. GRAY III
Executive Assistant Attorney General

Prepared by Bruce Youngblood
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Susan Garrison, Acting Chairman
Jon Bible
Myra McDaniel
Bruce Youngblood