Joseph J. FISHER, Jr., et al, Appellant,

v.

KERR COUNTY, Appellee.

No. 4–86–00544–CV.

Court of Appeals of Texas,
San Antonio.

Sept. 23, 1987.

Guy C. Fisher, Austin, for appellant.

Jerry Shiever, Austin, for appellee.

Before CADENA, C.J., and BUTTS and CHAPA, JJ.

## OPINION

CHAPA, Justice.

This is an action filed by appellee Kerr County (County) to collect allegedly delinquent ad valorem taxes from appellant Joseph J. Fisher, et al (Fisher), and a counterclaim seeking to deny the collection. The trial court held in favor of County and denied Fisher's counterclaim, filing findings of fact and conclusions of law.

The issues before this court are:

1) Whether the notice requirements of TEX.REV.CIV.STAT.ANN. art. 7174A are constitutional pursuant to art. VIII, § 1–d–1 of the Texas Constitution, and whether County properly complied with the notice requirements of art. 7174A;

2) Whether County unfairly discriminated against Fisher with respect to the notice requirements of art. 7174A;

3) Whether county properly complied with the notice of reappraisal provision of TEX.REV.CIV.STAT.ANN. art. 7244c as to Fisher in 1981;

4) Whether County properly complied with all statutory directives so that the assessment against Fisher should not be voided; and

5) Whether the trial court should have granted Fisher's motion to permit additional evidence. We affirm.

This case was submitted to the trial judge by an agreed Stipulation of Facts which declared among other things:

1) That the taxes involved in the suit pertained to 1981;

2) That article 7174A required the tax assessor to mail the Open Space Land application form at least 90 days before the filing deadline, to each person owning land that qualified under the article in the preceding year;

3) That Fisher had not qualified under the article in the preceding year, and had not been sent an application form;

4) That the filing deadline for the Open Space Land application for 1981, including the 60 day extension, was June 30, 1981; and

5) That Fisher did not file his application until December, 1981, which was rejected by the tax assessor as untimely filed.

Initially, Fisher contends that the notice requirements of TEX.REV.CIV.STAT. ANN. art. 7174A are in conflict with Article VIII, § 1–d–1 of the Texas Constitution which it implements, and therefore unconstitutional. We disagree.

Article VIII, § 1–d–1 of the Texas Constitution provides:

(a) To promote the preservation of open-space land, the legislature shall provide by general law for taxation of open-space land devoted to farm or ranch purposes on the basis of its productive capacity and may provide by general law for taxation of open-space land devoted to timber production on the basis of its productive capacity. The legislature by general law may provide eligibility limitations under this section and may impose sanctions in furtherance of the taxation policy of this section.

(b) If a property owner qualifies his land for designation for agricultural use under Section 1–d of this article, the land is subject to the provisions of Section 1–d for the year in which the designation is effective and is not subject to a law enacted under this Section 1–d–1 in that year.

The implementing statute to art. VIII, § 1–d–1 is article 7171A which provides the following:

Sec. 4. (a) A person claiming that land is eligible for appraisal under this article must file a valid application with the tax assessor for each taxing unit in which the land is taxable.

(b) To be valid, the application must be on a form provided by the assessor, as prescribed by the School Tax Assessment Practices Board, and must contain the information necessary to determine the validity of the claim. The School Tax Assessment Practices Board shall include on the form a notice of the penalties prescribed by Section 37.10, Penal Code, for making or filing an application containing a false statement. The form must be filed during the rendition period for the taxing unit. However, for good cause the tax assessor may extend the filing deadline for not more than 60 days.

(c) If a person fails to timely file a valid application, the land is ineligible for appraisal under this article.

(d) The tax assessor shall make a sufficient number of printed application forms readily available at no charge and shall mail a form each year, at least 90 days before the filing deadline, to each person owning land that qualified under this article in the preceding year.

■ A landowner seeking agriculture use designation and assessment has the burden of timely showing that his land is properly designated. *Gragg v. Cayuga Independent School District*, 539 S.W.2d 861, 869 (Tex.1976); *Moore v. White*, 569 S.W.2d 533 (Tex.App.—Corpus Christi 1978, writ ref'd n.r.e.); *Jay v. Devers*, 563 S.W.2d 880 (Tex.App.—Eastland 1978, no writ). Article VIII § 1–d–1 of the Constitution authorized the legislature to provide "limitation under this section," and "impose sanctions in furtherance of the taxation policy of this section." Further, the article anticipated the burden of the landowner to properly designate the land prior to receiving the benefits of the article, by providing certain limitations "if the property owner qualified his land for designation for agricultural use under § 1–d–1 of the article." Section 4 of article 7174A clearly sets out the "limitations" and "sanctions" authorized by the Constitution by making the "notice" provision of Section 4(d) contingent on the proper *timely* designation by the landowner of the property "the preceding year" pursuant to Section 4(a), (b), (c). We see no conflict with the notice provisions of 7174A and the authorization of the constitution. The provisions complained of are constitutional.

■ Fisher then complains County failed to comply with the notice requirements of article 7174A.

The agreed stipulated facts disclose that Fisher failed to file a proper application of designation "the preceding years" pursuant to Section 4(d) and was therefore not entitled to notice under the statute. Therefore, County's failure to give Fisher notice did not violate the requirements of article 7174A. The complaint is rejected.

■ Fisher next complains that County unfairly discriminated against him because he received no notice of the 60 day application deadline extension allowed by article 7174A § 4(b).

The stipulated facts reveal that although not required by law, County's tax collector publicized the deadline extension in local newspapers and radio in 1981, and notified by phone owners she personally knew to be using the property in accordance with the provision of the statute. Further, as per the stipulated facts, Fisher failed to file a proper application for designation "the preceding year" pursuant to Section 4(d). Nothing in the record indicates that the tax assessor collector was aware that Fisher's property qualified, or that she refused to notify him personally. Fisher has failed in his burden of showing discrimination as alleged. The point is overruled.

■ Fisher next contends County failed to comply with the provision of TEX.REV. CIV.STAT.ANN. art. 7244c, because he did not *receive notice* of the reappraisal required by the statute. His contention is based on the findings of fact which find Fisher's land was reappraised at 100% market value, and that Fisher did *not receive* notice of the reappraisal prior to receiving the 1981 tax statement. Actually, he insists compliance with the notice requirement of 7244c requires that he receive the notice and not just that it was mailed. We disagree.

The agreed stipulated facts show that a notice of reappraisal for 1981 was timely mailed in August 1981 by the Kerr County Appraisal District pursuant to TEX.REV. CIV.STAT.ANN. art. 7244c, § 5, to all property owners for the properties whose property value had been increased by more than $100.00 above its value in the preceding year, and that the said notices were delivered pursuant to § 1.07(c) of the Texas Tax Code, when deposited in the mail.

TEX.TAX CODE ANN. § 1.07(c) which was effective January 1, 1980 * provided:
§ 1.07 Delivery of Notice

   \*     \*     \*     \*     \*     \*

(c) A notice permitted to be delivered by first-class mail by this section is delivered when it is deposited in the mail.

Therefore, County complied with the notice provisions of TEX.REV.CIV.STAT. ANN. art. 7244c by delivering the notice pursuant to TEX.TAX CODE ANN. § 1.07(c). The complaint is overruled.

Fisher next asserts that as a matter of law, County should be required to reassess Fisher's property because of failing to comply with "statutory directives." In so doing, Fisher has reiterated his previous complaints pertaining to violations of article 7244c and 7174A which have been discussed earlier.

Finally, Fisher alleges abuse of discretion because the trial court refused to permit additional evidence. We disagree. The complaint arose when the trial court announced its decision by letter dated July 30, 1986, several months after the matter had been submitted. Upon receiving the letter, Fisher sought permission to submit additional evidence.

Whether to permit a party to reopen its case is discretionary with the court, and the discretion will not be disturbed on appeal unless a clear abuse has been shown. *Binford v. Snyder*, 144 Tex. 134, 189 S.W.2d 471 (1945); *Guerrero v. Standard Alloys Manufacturing Co.*, 598

S.W.2d 656 (Tex.App.—Beaumont 1980, writ ref'd n.r.e.). "The moving party must show diligence in producing the evidence at trial before the evidence is closed." *Guerrero v. Standard Alloys Manufacturing Co.*, 598 S.W.2d 656; *Kroger Company v. Cellan*, 560 S.W.2d 505 (Tex.App. —Tyler 1977, writ ref'd n.r.e.). Fisher waited almost seven months after trial and until the court rendered its decision to move to reopen, which does not indicate diligence. Fisher has failed to show diligence, and that the trial court abused its discretion. The point is overruled.

The judgment is affirmed.

---

\* Effective January 1, 1984, § 1.07(c) was amended to read:
  (c) A notice permitted to be delivered by first-class mail by this section is presumed delivered when it is deposited in the mail. This presumption is rebuttable when evidence of failure to receive notice is provided.