Mack 



TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN







NO. 03-96-00339-CV








Jerry Mack, Sr. and Jermac & Sons Construction, Appellants



v.



John Halada and Janet Halada, Appellees








FROM THE DISTRICT COURT OF TRAVIS COUNTY, 201ST JUDICIAL DISTRICT


NO. 94-13126, HONORABLE F. SCOTT MCCOWN, JUDGE PRESIDING 






 Jerry Mack, Sr. and Jermac & Sons Construction (collectively "Mack") appeal from a
money judgment recovered against them by John and Janet Halada on causes of action under the Texas
Deceptive Trade Practices Act ("DTPA") (1) and the Residential Construction Liability Act ("RCLA") (2)
following a judge-only trial. We will affirm the trial-court judgment.



THE CONTROVERSY


 After their case-in-chief, the Haladas rested without adducing evidence in support of their
claim for statutory attorney's fees. The trial judge pointed out the necessity for reopening the evidence if
attorney's fees were to be recovered. The Haladas moved to reopen, the trial judge sustained the motion,
and the evidence was introduced.

 In points of error one and two, Mack complains the trial judge abused his discretion by
becoming, in effect, an advocate. The record does not show that Mack objected to the trial judge's
actions, however, and we may not consider the points of error unless the error was fundamental. See Tex
R. App. P. 52(a); Allright, Inc. v. Pearson, 735 S.W.2d 240, 240 (Tex. 1987). An error is not
fundamental unless the trial court acted without jurisdiction or the public interest, as reflected in the
constitution and statutes of the state, is directly and adversely affected. See Cox v. Johnson, 638 S.W.2d
867, 868 (Tex. 1982) (per curiam). We conclude any error was not fundamental and overrule points of
error one and two. 

 After the Haladas rested the second time, Mack moved for judgment as a matter of law
on the ground that they had not established a prima facie case under the DTPA and the RCLA because
there was no evidence that they had, by the requisite demand letter, notified Mack of their intention to bring
the statutory causes of action. (3) The trial judge advised the Haladas regarding this essential element of their
causes of action. The Haladas moved to reopen the evidence, the trial judge sustained the motion, and they
offered in evidence the demand letter and testimony that Mack received the letter. 

 In point of error three, Mack contends the trial court abused its discretion by instructing
the Haladas of the evidence needed to establish a prima facie case, becoming in effect an advocate in the
case. See Fisher v. Kerr County, 739 S.W.2d 434, 437 (Tex. App.--San Antonio 1987, no writ). The
judge's action was not improper if permitted by law.

 "[A]t any time the court may permit additional evidence to be offered where it clearly
appears to be necessary to the due administration of justice." Tex. R. Civ. P. 270. The basic principle is
that the adversaries be permitted to develop fully their case. See In re Estate of Johnson, 886 S.W.2d
869, 873 (Tex. App.--Beaumont 1994, no writ). The applicable factors governing a trial judge's decision
are as follows: (1) whether the proffered evidence is decisive; (2) whether receiving the new evidence will
cause any undue delay; and (3) whether refusing to receive the new evidence will work an injustice. See
Word of Faith World Outreach Center Church, Inc. v. Oechsner, 669 S.W.2d 364, 367 (Tex.
App.--Dallas 1984, no writ). We hold the record does not show the trial judge failed to apply the basic
principle, failed to assess the applicable factors, or gave one or more of them an exaggerated importance. 
Consequently, the record does not show the judge abused his discretion. See Landon v. Budinger, 724
S.W.2d 931, 938 (Tex. App.--Austin 1987, no writ). 

 Mack complains in addition that his motion for judgment as a matter of law was defeated
by the trial judge's allowing the Haladas to reopen the evidence to introduce the letter. Had the judge
sustained Mack's motion, however, this would not have precluded a reopening of the evidence thereafter,
depending on the judge's assessment of the relevant factors. See McRoy v. Riverlake Country Club, 426
S.W.2d 299, 304-05 (Tex. Civ. App.--Dallas 1968, writ ref'd n.r.e.). We overrule point of error three.

 For the reasons given, we affirm the trial-court judgment. 



 

 John Powers, Justice

Before Justices Powers, Aboussie and Jones

Affirmed

Filed: December 19, 1996

Do Not Publish 

1.   Tex. Bus. & Com. Code Ann. § 17.41 et. seq. (West 1987 & Supp. 1997).
2. Tex. Prop. Code Ann. § 27.003 (West Supp. 1997).
3. [3]  See Tex. Bus. & Com. Code Ann. § 17.505 (West Supp. 1997); Tex. Prop. Code Ann. §
27.004 (West Supp. 1997).


> and the Residential Construction Liability Act ("RCLA") (2)
following a judge-only trial. We will affirm the trial-court judgment.



THE CONTROVERSY


 After their case-in-chief, the Haladas rested without adducing evidence in support of their
claim for statutory attorney's fees. The trial judge pointed out the necessity for reopening the evidence if
attorney's fees were to be recovered. The Haladas moved to reopen, the trial judge sustained the motion,
and the evidence was introduced.

 In points of error one and two, Mack complains the trial judge abused his discretion by
becoming, in effect, an advocate. The record does not show that Mack objected to the trial judge's
actions, however, and we may not consider the points of error unless the error was fundamental. See Tex
R. App. P. 52(a); Allright, Inc. v. Pearson, 735 S.W.2d 240, 240 (Tex. 1987). An error is not
fundamental unless the trial court acted without jurisdiction or the public interest, as reflected in the
constitution and statutes of the state, is directly and adversely affected. See Cox v. Johnson, 638 S.W.2d
867, 868 (Tex. 1982) (per curiam). We conclude any error was not fundamental and overrule points of
error one and two. 

 After the Haladas rested the second time, Mack moved for judgment as a matter of law
on the ground that they had not established a prima facie case under the DTPA and the RCLA because
there was no evidence that they had, by the requisite demand letter, notified Mack of their intention to bring
the statutory causes of action. (3) The trial judge advised the Haladas regarding this essential element of their
causes of action. The Haladas moved to reopen the evidence, the trial judge sustained the motion, and they
offered in evidence the demand letter and testimony that Mack received the letter. 

 In point of error three, Mack contends the trial court abused its discretion by instructing
the Haladas of the evidence needed to establish a prima facie case, becoming in effect an advocate in the
case. See Fisher v. Kerr County, 739 S.W.2d 434, 437 (Tex. App.--San Antonio 1987, no writ). The
judge's action was not improper if permitted by law.

 "[A]t any time the court may permit additional evidence to be offered where it clearly
appears to be necessary to the due administration of justice." Tex. R. Civ. P. 270. The basic principle is
that the adversaries be permitted to develop fully their case. See In re Estate of Johnson, 886 S.W.2d
869, 873 (Tex. App.--Beaumont 1994, no writ). The applicable factors governing a trial judge's decision
are as follows: (1) whether the proffered evidence is decisive; (2) whether receiving the new evidence will
cause any undue delay; and (3) whether refusing to receive the new evidence will work an injustice. See
Word of Faith World Outreach